IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LEONARD KEITH GRAY HAWK,<br><br>Defendant. | CR-99-96-H-CCL-RKS<br><br><br>**FINDINGS AND RECOMMENDATION TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

**I.     Status**

Defendant, Mr. Leonard Gray Hawk, was convicted of Assault Resulting in Serious Bodily Injury (Count IV) and Use of a Firearm in a Crime of Violence (Count V) and was sentenced on June 30, 2000, by the Honorable William D. Keller, Senior U.S. District Judge, to 33 months incarceration with three years supervised release for Count IV and 10 years incarceration to run consecutively for Count V with three years supervised release served concurrently.  Mr. Gray Hawk began serving his term of supervised release on August 15, 2011.  A petition was filed on January 11, 2012, wherein the United States Probation Office requested

Mr. Gray Hawk's supervised release be revoked because Mr. Gray Hawk tested positive for methamphetamine in violation of the preamble to the standard conditions of his supervised release, and he failed to participate in substance abuse counseling in violation of special condition 1 of his supervised release conditions. The Honorable Charles C. Lovell, Senior U.S. District Judge, signed the petition and arrest warrant for Mr. Gray Hawk on January 11, 2012. (C.D. 41). Judge Lovell referred the petition to the undersigned for hearing, findings, and recommendation on February 1, 2012. (C.D. 47).

## II.    Revocation Hearing

Mr. Gray Hawk's revocation hearing was held on February 14, 2012, in Great Falls, Montana. Counsel for Mr. Gray Hawk, Federal Defender Mr. Anthony Gallagher, and the United States, Assistant United States Attorney Ms. Jessica Betley, had reached an agreement for the Court's consideration on the violation portion of the revocation wherein Mr. Gray Hawk would admit to using methamphetamine (Violation No. 1) and the failure to participate in treatment allegation (Violation No. 2) would be dismissed. The Court informed the parties the Chapter 7 guideline range for Count IV is 6 to 12 months incarceration with 3 years supervised release and for Count V is 6 to 12 months incarceration with 5 years supervised release.

The parties had not reached an agreement on the recommended sentence. The United States argued first for 9-12 months incarceration for each of Counts IV and V to be served consecutively, with supervised release to be served concurrently, noting that Mr. Gray Hawk's original sentence was consecutive. Mr. Gallagher argued for Defendant's placement in a transition center, or alternatively for a low guideline range, and that any terms of incarceration be served concurrently. Mr. Gallagher argued that although Judge Keller was required to sentence Mr. Gray Hawk to consecutive sentences for his original sentence, no such requirement applied to Mr. Gray Hawk's supervised release revocation. The United States agreed that the terms of imprisonment for Mr. Gray Hawk's revocation were not required to be served consecutively, and amended its position to recommend the terms be served concurrently. The Court took the matter of sentencing under advisement.

Mr. Gray Hawk was given the opportunity to allocute, and he stated that the drug use for which he was being revoked only occurred one time, and he did not believe he was a danger to the community. Mr. Gray Hawk said he was gainfully employed up until his arrest, and he was trying to reconnect with his family. The Court found Mr. Gray Hawk sincere and credible. Mr. Gray Hawk was informed he was required to object to the Findings and Recommendations within 14 days if

he wished to preserve his right to appear and allocute before Judge Lovell.

Based upon Mr. Gray Hawk's admission, the Court makes the following

**FINDING:**

1. Mr. Gray Hawk violated the preamble to the standard conditions of his supervised release by testing positive for methamphetamine on December 14, 2011.

It is thus **RECOMMENDED:**

1. Mr. Gray Hawk's term of supervised release be revoked.

2. The Court adopt as its Judgment the attached Judgment in a Criminal Case (For Revocation of Probation on Supervised Release) in its entirety.

**NOTICE OF RIGHT TO OBJECT TO**
**FINDINGS & RECOMMENDATIONS AND**
**CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Gray Hawk may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

A district judge will make a de novo determination of those portions of the

Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED this 16th day of February, 2012.

<u>/s/Keith Strong</u>
Keith Strong
United States Magistrate Judge