
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 99–96–GF–CCL |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| LEONARD GRAY HAWK, | |
| Defendant. | |

On December 12, 2016, this Court referred a Petition for Revocation (Doc. 68) for hearing, findings of fact, and recommendation to Magistrate Judge Johnston by order (Doc. 70).[1] The revocation hearing was held on January 19, 2017. Pending now before the Court is the Report of Findings & Recommendations ("F&R") filed by Magistrate Judge Johnston on January 25,

---

[1] *See* 18 U.S. C. §3401(I).

2017 (Doc. 84). The F&R notified the parties of their opportunity to object to the F&R within a 14-day period. The deadline for objections has now passed, and no objection to the F&R has been filed by either party.

## I. Background

The following factual finding is taken from the F&R:

1. Leonard Gray Hawk violated the conditions of his supervised release by (1) consuming alcohol, (2) submitting a urine sample that tested positive for methamphetamine, (3) failing to report for substance abuse testing, (4) failing to attend substance abuse treatment, (5) failing to report to his probation officer, and (6) failing to notify his probation officer of a change in his address..

(Doc. 84 at 5.) At the revocation hearing, Defendant Gray Hawk admitted that he violated the conditions of his supervised release. (Doc. 84 at 4.)

In the F&R, Judge Johnston recommends that this Court revoke Defendant's supervised release and sentence him to a term of imprisonment of six months with no supervised release to follow.

2

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1) this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." The district judge must review the magistrate judge's findings and recommendations de novo if objection is made. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). If an objection is made, the court reviews de novo only the portion to which the objection was made, the remainder is reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). No objection having been made, this Court reviews the F&R accordingly.

## III. Discussion

This is Defendant's third revocation proceeding. The Magistrate Judge notified the Defendant that his violation grade is C, his criminal history category is IV, and his Chapter 7 Policy Guideline Range is 6-12 months, and that he could be incarcerated for up to 24 months. He was also notified that he could be required to

3

serve a 15-month term of supervised release, less custody time. Neither counsel objected to these findings, and this Court agrees that the guideline range and supervised release findings made by the Magistrate Judge are correct. Defense counsel requested a sentence of time-served, and government counsel requested a sentence of six months with no supervised release to follow.

## IV.    Revocation Determination and Sentence

The Court therefore finds by a preponderance of the evidence that Defendant violated six conditions of his supervised release. *See* 18 U.S.C. § 3583(e)(3). Defendant's supervised release should be, and hereby is, revoked, and Defendant Gray Hawk should be resentenced.

Having considered the recommended sentence, the requests of counsel for the Defendant and the government, and the section 3553(a) statutory sentencing factors as made applicable by 18 U.S.C. § 3583(e), and all the record in this case, the Court finds that the appropriate sentence should be as recommended by Magistrate Judge Johnston: six months in custody, with no supervised release to

follow. The Court adopts Magistrate Judge Johnston's Findings & Recommendations in full and shall enter Judgment accordingly.

The Clerk shall send a copy of this order to Magistrate Judge Johnston and the United States Probation Office.

Done and dated this 10th day of February, 2017.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE